UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

ANDREW R. DENTON,

        Plaintiff,

     v.

P.O. BRIAN NADEL, P.O. ANDREW
SCHUERLEIN, DET. ROBERT
HENAGHAN, DET. FIRESTONE, A.D.A.
VERONICA GUARIGLIA, A.D.A. RIVKA
SHUTER, and NASSAU COUNTY,

        Defendants.

-----------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-2313 (RPK) (JMW)

RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff Andrew R. Denton originally brought this action under 42 U.S.C. § 1983 against Nassau County, several Nassau County police officers, and two Nassau County assistant district attorneys ("ADAs").  He alleges that the police officers violated his Fourth Amendment rights when they stopped and searched his vehicle, *see* Compl. 6 (Dkt. #1) (ECF pagination), and that ADAs Veronica Guariglia and Rivka Shuter further violated his constitutional rights in prosecuting him based on evidence the officers seized during their search, *see id.* at 7.  On August 19, 2024, the Court ordered plaintiff to show cause within thirty days why his claims against Nassau County and ADAs Guariglia and Shuter and his claim for injunctive relief should not be denied.  *See* 8/19/2024 Order.  The Court permitted plaintiff's claims against the defendant police officers to proceed.

    On September 6, 2024, plaintiff moved for an extension of time to respond to the order to show cause.  In his motion, he stated that he had decided "to remove Nassau County as a

defendant" and "to remove ADA Guariglia as a defendant" because "it appears they have no responsibility or accountability for my ultimate claim." Mot. for Extension of Time 1 (Dkt. #12). He then stated that he would "like to add the Nassau County Police Department as a defendant." *Ibid.* And finally, he requested additional time to respond to the Court's order to show cause as to why the claims against ADA Shuter and the claim for injunctive relief should not be dismissed. *See id.* at 1–2.

On September 19, 2024, the Court treated plaintiff's motion for an extension of time as a notice of voluntary dismissal of plaintiff's claims against ADA Guariglia pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See* 9/19/2024 Order. The Court denied plaintiff's request to "add the Nassau County Police Department as a defendant" because the Nassau County Police Department was not an entity amenable to suit separate from Nassau County. *See id.* The Court also declined to construe plaintiff's statement of intent to dismiss his claims against Nassau County as a notice of voluntary dismissal. *See id.* Finally, the Court granted plaintiff an extension of time until October 18, 2024 to show cause why his claims against ADA Shuter and Nassau County, and his claim for injunctive relief should not be dismissed. *See id.*

Later that same day, the Court received an "amended complaint" from plaintiff containing an additional claim brought against the Nassau County Police Department. In it, plaintiff alleges that defendant officer Brian Nadel had been the subject of an investigation by the New York State Office of the Attorney General's Law Enforcement Misconduct Investigation Office. *See* Am. Compl. 2, 6–19 (Dkt. #14) (ECF pagination). This investigation allegedly found that Officer Nadel "engaged in a pattern of unlawful searches and seizures" with respect to three other arrests. *Id.* at 6. Plaintiff alleges that the Nassau County Police Department "failed to train its officers," and specifically, defendant officer Brian Nadel, "with respect to the Fourth Amendment." *Id.* at 3. As

a result, plaintiff alleges, Officer Nadel violated plaintiff's Fourth Amendment rights during the vehicle stop and search described in plaintiff's original complaint.  *See ibid.*

Finally, on October 15, 2024, the Court received another "amended complaint" from plaintiff containing plaintiff's response to the Court's order to show cause with respect to his claim against ADA Shuter and his claim for injunctive relief.  In it, plaintiff asserts that ADA Shuter misleadingly or falsely described the nature of certain evidence at a suppression hearing in plaintiff's state prosecution.  *See* Am. Compl. 1–2 (Dkt. #17) (ECF pagination).  In an accompanying cover letter, plaintiff asserts that this evidence of ADA Shuter's bad faith serves as the basis for his claim for injunctive relief as well.  *See* Ltr. 1 (Dkt. #15).

Plaintiff's claim against ADA Shuter is dismissed.  As explained in the Court's August 19, 2024 order to show cause, a "prosecutor has absolute immunity for the initiation and conduct of a prosecution unless [he] proceeds in the clear absence of all jurisdiction[]."  *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005).  Plaintiff's claim that ADA Shuter misrepresented the nature of certain evidence during a suppression hearing involves the conduct of plaintiff's prosecution, and is therefore barred by prosecutorial immunity.  *See id.* at 237–38 (granting prosecutorial immunity to prosecutors who were alleged to have "prosecuted [the defendant] despite knowing that the charges against her were false").

Plaintiff's claim for injunctive relief is likewise dismissed.  As explained in the Court's August 19, 2024 order to show cause, "a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate."  *Gibson v. Berryhill*, 411 U.S. 564, 573–74 (1973) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).  Plaintiff's responses to the Court's order to show cause do not allege that the state prosecution against him was brought with "no reasonable

expectation of obtaining a favorable outcome," or "to retaliate for or to deter constitutionally protected conduct." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002). Plaintiff therefore has not pleaded bad faith, and *Younger* abstention applies to his claim for injunctive relief.

With respect to plaintiff's claim against Nassau County, plaintiff's amended complaint at ECF No. 14 alleges that the Nassau County Police Department failed to train its officers generally, and specifically failed to train defendant officer Nadel, leading to plaintiff's alleged Fourth Amendment violation. Though plaintiff's amended complaint styles these claims as brought against the Nassau County Police Department, the Court construes them as pleaded against Nassau County, since plaintiff did not have the benefit of the Court's September 19, 2024 order explaining that any claims against the Nassau County Police Department are properly brought against Nassau County. A municipality may be held liable under Section 1983 if "the need for more or different training [of its officers] is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need [for more training]." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). In such cases, "the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury." *Ibid.* Based on the allegations in plaintiff's amended complaint, the Court discharges its *sua sponte* order to show cause with respect to plaintiff's claim against Nassau County, and declines to take action on that claim absent full briefing through motion practice.

To summarize, officers Nadel, Schuerlein, Henaghan, and Firestone, as well as Nassau County, remain active defendants in this case. ADAs Guariglia and Shuter are dismissed— Guariglia on consent by plaintiff, and Shuter based on the doctrine of prosecutorial immunity.

Plaintiff is denied leave to add the Nassau County Police Department as a defendant because it is not an entity amenable to suit separate from Nassau County.  And plaintiff's claim for injunctive relief is dismissed as barred by *Younger* abstention.  The operative complaint is plaintiff's original complaint at ECF No. 1 as supplemented by the allegations against Nassau County contained in plaintiff's amendment at ECF No. 14.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to plaintiff, and to modify the case caption as directed in this Memorandum and Order.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, so *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

  */s/  Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: October 23, 2024
       Brooklyn, New York