UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANDREW R. DENTON,

                Plaintiff,

           -against-

P.O. BRIAN NADEL, *et al.*,

                Defendants.
------------------------------------------------------------------------X

**ORDER**
24-CV-2313 (SJB)(JMW)

**WICKS,** Magistrate Judge:

    Before the Court is an application to appoint *pro bono* counsel to represent Plaintiff Andrew Denton ("Plaintiff") in this action brought pursuant to 42 U.S.C. § 1983. (*See* IFP Mot., ECF No. 45; Compl., ECF No. 1; Am. Compl. ECF No. 14; Am. Compl., ECF No. 17.) For the reasons that follow, the application is **denied *without prejudice and with leave to renew***.

    There is no right to counsel in a civil case. *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013). The Court cannot compel an attorney to represent a litigant in a civil case without a fee. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 301 (1989) (holding that Congress, in authorizing federal courts to request *pro bono* counsel under 28 U.S.C. § 1915, did not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"). Rather, the Court may only request that an attorney volunteer to represent someone in a civil case and looks to a number of factors to determine whether it is appropriate to make such a request. *See id*. (citing 28 U.S.C. § 1915).

    Under 28 U.S.C. § 1915(e)(1), courts "may request an attorney to represent any person unable to afford counsel." Courts possess "broad discretion" when determining whether appointment is appropriate. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Courts in the Second Circuit consider "motions for appointment of counsel by asking first whether the

claimant has met 'a threshold showing of some likelihood of merit.'" *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989)). If the movant meets that threshold showing,

> [t]he court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 808 F.2d at 61-62.

The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." *Id*. at 61. "A developed record assists the court in this regard." *Butler v. Cnty. of Suffolk*, No. 24-CV-1051(GRB)(AYS), 2024 WL 3813383, at *1 (E.D.N.Y. Apr. 16, 2024) (citing *Brooks v. State of New York*, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) ("denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit")).

Here, even assuming the threshold showing of merit is met, Plaintiff has been actively litigating this case. Indeed, Plaintiff has filed a complaint, two amended complaints, a narrative statement, and opposed the Defendant's request for a premotion conference in anticipation of a motion to dismiss. (Compl., ECF No. 1; Am. Compl. ECF No. 14; Am. Compl., ECF No. 17; Narr. Statement, ECF No. 44; and Pl. Opp. Ltr., ECF No. 41.) Given that discovery has recently begun and is progressing, after considering the *Hodge* factors in the context of Plaintiff's application and the pleadings as well as the record as a whole, there is no special reason to request the services of a *pro bono* attorney at this time. Although Plaintiff's incarceration presents an obstacle for the prosecution of his case, for the reasons set forth above, the

2

application for the appointment of *pro bono* counsel is denied without prejudice and with leave to renew at a later stage in these proceedings, if so warranted at that time. This denial also is without prejudice to Plaintiff hiring his own counsel to represent him.

  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of the Court shall mail this Order to the Plaintiff at his address of record in an envelope marked "Legal Mail" and shall record such mailing on the docket.

Dated: April 2, 2025
    Central Islip, New York

                S O   O R D E R E D:

                /S/ *James M. Wicks*
                 JAMES M. WICKS
              United States Magistrate Judge